## J. K. INMAN v. STATE.

No. A-5016.   Opinion Filed July 11, 1925.
(238 Pac. 506.)

Glasco & Glasco, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The plaintiff in error, J. K. Inman, was convicted of the crime of forgery, and, in accordance with the verdict of the jury, was sentenced to serve a term of 1 year and 3 months in the state penitentiary.   From the judgment an appeal was taken by filing in this court February 11, 1924, a petition in error with case-made, but there has been no appearance made on his behalf in this court and no brief in support of the assignments of error has been filed.   When the case was called for final submission, it was submitted on the record.

The evidence shows that the defendant purchased a hat, gloves, and other purchases in the Mangum Department Store at Blanchard and in payment for the same gave a check for $42.50 on the First National Bank of Strong City, Okla., purporting to be signed by Clyde Young, and made payable to J. F. Inman, which check was indorsed J. F. Inman.

Mrs. Dirah Gibson testified that she was bookkeeper and cashier at Mangum's Department Store in Blanchard;

that the defendant came into the store and asked if she would take $10 for a hat, and she said, "Yes;" that then he bought some other things and asked her if she would take this check, and she asked him who he was, and he said he was Mr. Inman, a brother of the Inmans that lived south of town; that she took the check and gave him $28.50, the difference between the check and the price of his purchases.

Three or four other witnesses identified the defendant as the man who passed the check.

C. W. Morgan, deputy sheriff, testified that, when he arrested the defendant, he said:

"That he had come up to pay this check off, but, being that Mr. Mangum got so smart and swore out a warrant for him, he never intended to pay him a nickel on it."

Clyde Young testified that he lived near Cheyenne, Okla., and had lived there about eighteen years; that he did not sign the check; that the First National Bank of Strong City honored it and he received it with his canceled checks; that he returned it because it was not his signature on the check; and that the same was forged.

Mr. Nrunskill testified that he was a banker, and had known the defendant 5 or 6 years, and was acquainted with his handwriting, and it was his opinion that the name "J. F. Inman," the amount, and the signature on the check was the defendant's handwriting.

As a witness in his own behalf, J. K. Inman testified and denied that he passed the check; that, when they made a demand on him to pay it, he refused to pay for that reason, and called several witnesses to show that, while he was in the neighborhood of Blanchard at that time, he was not in town on that day.

There was a demurrer to the information which was overruled.

Where an information for forgery charges the offense with a degree of certainty sufficient to enable the court to pronounce a proper judgment in case of conviction, the offense is sufficiently charged thereby.

We find the information is sufficient and the demurrer thereto was properly overruled.

We can have no doubt that the evidence warranted a conviction. The person by whom the check purported to have been made and signed testified that it was not his signature.

"Possession of forged paper by a defendant with a claim of title thereunder, if unexplained, raises a conclusive presumption that he forged it, or procured it to be forged." 19 Cyc. p. 1412.

There being no prejudicial error disclosed by the record, the judgment of the court below is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.